IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WENDELL BRIAN WILCOX, § | | |
|     PLAINTIFF, § | | |
| § | | |
| v. § | No. 3:10-CV-1920-K | |
| § | ECF | |
| JP MORGAN CHASE BANK, N.A., § | | |
| CHASE HOME FINANACE LLC, and § | | |
| JP MORGAN CHASE & CO., § | | |
|     DEFENDANTS. § | | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this case to the United States Magistrate Judge for pretrial management. Defendants JP Morgan Chase Bank, N.A., Chase Home Finance LLC, and JP Morgan Chase & Co. file a Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(6). Alternatively, Defendants filed a Motion for More Definite Statement. Plaintiff failed to respond and the time for a response expired. The Court considered the Complaint and the alternative Motion for More Definite Statement. The Court found that although Plaintiff's complaint failed to state facts that plausibly would state a claim against Chase Home Finance, Chase Home Mortgage, or JP Morgan Chase Bank, because he is proceeding pro se, he should be given the opportunity to file an Amended Complaint. The Court granted the Motion for More Definite Statement and took the Motion to Dismiss under advisement. The Court gave Plaintiff until November 20, 2010 to file a First Amended Complaint to state the facts and make more definite his claims against Defendants. The Court notified Plaintiff that failure to file a First Amended Complaint that includes facts that plausibly would state a claim against Defendants would result in a recommendation to the District Court that Plaintiff's claims be dismissed with prejudice.

Plaintiff did not file a First Amended Complaint, and his wholly deficient complaint is

subject to dismissal with prejudice. Plaintiff filed on November 18, 2010 a "Notice of Complaint and Application for Agreed Judgment by Default and Notice Challenging Jurisdiction (Attached Order) and Notice of Rights Under the Bill of Rights (docs. 9, 10)." Documents 9 and 10 do not comply with the Court's Order of November 1, 2010. Plaintiff has not attempted to comply with the Court's Order. Plaintiff, therefore, intends to stand on his original complaint and has pleaded his best case. Accordingly, the Court enters the following findings of fact, conclusions of law and recommendation on the Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(6) of Defendants JP Morgan Chase Bank, N.A., Chase Home Finance LLC, and JP Morgan Chase & Co ("Motion," doc. 5).

## **Standard of Review**

In determining whether dismissal should be granted under Rule 12(b)(6), a court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). To defeat the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (Citation and footnote omitted.) However, legal conclusions need not be accepted as true. *Ashcroft v. Iqbal*, ___U.S.___ 129 S.Ct. 1937, 1949 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401

(5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 544).

## Plaintiff's Allegations

Plaintiff alleges breach of contract, negligence, and intentional infliction of emotional distress against Chase Home Finance arising from the improper servicing of a home mortgage loan. With respect to Chase Home Mortgage, Plaintiff alleges that he became aware of the problem when Chase Home Mortgage provided notice of default of the home mortgage loan in a credit report. Plaintiff does not mention why he names JPMorgan Chase Bank as a defendant. The Court agrees that Plaintiff fails to state facts that plausibly would state a claim against Chase Home Finance, Chase Home Mortgage, or JP Morgan Chase Bank. Plaintiff has stated his best case. Accordingly, the Court makes the following recommendation:

## Recommendation

The District Court should grant Defendants "Motion to Dismiss under Rule 12(b)(6) for Failure to State a Claim" (doc. 13) and dismiss with prejudice Plaintiff's claims against Defendants.

SO RECOMMENDED this 29th day of November, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).